# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>OMMAR BRIBIESCA,<br><br>    Defendant. | Case No. 1:14-mj-00214-SAB-1<br><br>ORDER REQUIRING DEFENDANT AND COUNSEL TO PERSONALLY APPEAR FOR SHOW CAUSE HEARING ON DECEMBER 3, 2015, AND REQUIRING DEFENDANT TO SHOW CAUSE WHY PROBATION SHOULD NOT BE REVOKED AND WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT'S ORDER |

    Defendant entered a plea in this action and was sentenced on January 29, 2015, to twelve months of unsupervised probation, 25 hours of community service to be completed by June 29, 2015, and a fine of $1,010.00 to be paid by monthly payments of $100.00. Defendant was ordered to appear for a review hearing on November 5, 2015, and to provide a status report on the conditions of his unsupervised probation two weeks prior to the review hearing. Defendant failed to file his status report in compliance with the Court's order.

    On October 30, 2015, Defendant was ordered to show cause in writing why his probation should not be revoked for failure to comply with the Court's order. The October 30, 2015 order also vacated the November 5, 2015 probation review hearing and required Defendant to appear for a show cause hearing on November 19, 2015. Defendant was required to file a status report of the conditions of his unsupervised probation by November 13, 2015. Defendant did not file a

response to the October 30, 2015 order and did not file his status report.

A show cause hearing was held on November 19, 2015, at 10:21 a.m. in Courtroom 9. Defendant failed to appear at the show cause hearing.

## I.
## DISCUSSION

"Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. The Court possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).

In order to coerce Defendant to comply with the Court's orders, the Court may issue sanctions for every day Defendant fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do."). Defendant shall file a written response explaining his failure to comply with the Court's prior orders and why sanctions should not issue in this case. Defendant shall show cause in writing why his probation should not be revoked for failure to comply with the Court's order.

Finally, the Court sets a further show cause hearing on Thursday, December 3, 2015, at 10:00 a.m. Both Defendant and his attorney shall be required to appear at the show cause hearing in person. Defendant is forewarned that failure to appear at the show cause hearing will result in sanctions, including revocation of Defendant's attorney's admission to practice in this district. See Chambers, 501 U.S. at 43.

## II.
## ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. Defendant and his attorney shall appear in person for a show cause hearing on **Thursday, December 3, 2015, at 10:00 a.m. in Courtroom 9 (SAB) before United**

States Magistrate Judge Stanley A. Boone;

2. **On or before December 1, 2015,** Defendant shall show cause in writing why his probation should not be revoked and why sanctions should not issue for his failure to comply with the Court's order;

3. **On or before December 1, 2015,** the Defendant shall file his status report, the form of which can be found at the United States District Court for the Eastern District of California's website (http://www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB) in the area entitled "Misdemeanor/CVB" "Standard Forms" and then "Defendant's Probation Review Status Report";

4. Failure to comply with this order will result in Defendant's probation being revoked; and

5. The Clerk of the Court is directed to mail a copy of this order to Defendant's attorney at the following address:

> Curtis Bonghoon Sok
> Law Offices of Curtis B. Sok
> 452 N. Blackstone Ave.
> Fresno, CA 93701

IT IS SO ORDERED.

Dated:   **November 23, 2015**

UNITED STATES MAGISTRATE JUDGE