# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OMMAR BRIBIESCA,<br><br>　　　　Defendant. | Case No. 1:14-mj-00214-SAB-1<br><br>ORDER IMPOSING SANCTIONS AGAINST DEFENDANT'S ATTORNEY |

On December 3, 2015, the Court held a show cause hearing for Defendant Ommar Bribiesca to show cause why sanctions should not be issued against him for failing to comply with the Court orders. Defendant Ommar Bribiesca and his attorney, Curtis Sok, appeared in person at the show cause hearing. For the reasons set forth below, the Court imposes sanctions in the amount of $150.00, payable to the Clerk of the Court, against Defendant's attorney, Curtis Sok.

**I.**

**BACKGROUND**

Defendant entered a plea in this action and was sentenced on January 29, 2015, to twelve months of unsupervised probation, 25 hours of community service to be completed by June 29, 2015, and a fine of $1,010.00 to be paid by monthly payments of $100.00. Defendant was

1  ordered to appear for a review hearing on November 5, 2015, and to provide a status report on
2  the conditions of his unsupervised probation two weeks prior to the review hearing.

3       The Court notes that the Eastern District of California is an electronic case
4  management/filing district (CM/ECF).  See Local Rule 133.  Local Rule 133 also provides that,
5  "Unless excused by the Court or by the electronic filing procedures set forth in these Rules,
6  attorneys shall file all documents electronically pursuant to those Rules."  Local Rule 135(g), in
7  pertinent part, provides:

> All attorneys who wish to file documents in the Eastern District of California must be admitted to practice or admitted to appear pro hac vice.  Admission to practice in the Eastern District of California includes the requirement that the attorney complete an e-filing registration form and receive a username and password.  Completion of the registration form will permit electronic filing of documents and, unless an attorney opts out, will authorize acceptance of service by electronic means.  To do this, an attorney must have a valid internet email address.  After registration, attorneys will receive a unique user name and password.  Registration enables an attorney to file documents electronically.  The court registration name and password, when utilized for the electronic filing of documents, will serve as the party's signature for Fed. R. Civ. P. 11 purposes.  See also L.R. 131.  In conjunction with the court filing registration requirement, registration for PACER, see L.R. 135(g)(3), is also mandated in order to permit access to images of documents maintained within court electronic records.
>
>   (1) Consent to Service.    Unless an attorney opts out by designating such on the registration form, registration as a filing user constitutes: (1) consent to receive service electronically pursuant to Fed. R. Civ. P. 5(B)(2)(E) and Fed. R. Crim. P. 49 and waiver of the right to receive service by any other means; and (2) consent to making electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Fed. R. Crim. P. 49 and waiver of the right to make service by any other means.  This consent pertinent to Fed. R. Civ. P. 5 does **not** affect service of a summons and complaint pursuant to Fed. R. Civ. P. 4, i.e., there is no electronic service of a complaint.  The foregoing waiver of service and notice applies to notice of the entry of an order or judgment. Service by electronic means is complete upon transmission of the Notice of Electronic Filing.

26     On January 30, 2015, the judgment and commitment in this case was filed on the docket
27 in CM/ECF.  As Mr. Sok was registered for e-filing, he had consented to receive service
28 electronically.  The January 30, 2015 judgment and commitment were electronically served on

1  Mr. Sok through CM/ECF.

2  Defendant failed to file his status report in compliance with the Court's order.  On
3  October 30, 2015, Defendant was ordered to show cause in writing why his probation should not
4  be revoked for failure to comply with the Court's order.  The October 30, 2015 order also
5  vacated the November 5, 2015 probation review hearing and required Defendant to appear for a
6  show cause hearing on November 19, 2015.  Defendant was required to file a status report of the
7  conditions of his unsupervised probation by November 13, 2015.  Mr. Sok was electronically
8  served with the October 30, 2015 order through CM/ECF.  Defendant did not file a response to
9  the October 30, 2015 order and did not file his status report.

10  On November 19, 2015, the show cause hearing was held by the Court.  Neither
11  Defendant nor his attorney appeared.  Another show cause order setting a further hearing for
12  December 3, 2015 was filed on November 24, 2015.  (ECF No. 19.)  Defendant was ordered to
13  file a status report and to show cause in writing why his probation should not be revoked and
14  why sanctions should not issue for his failure to comply with the Court's orders by December 1,
15  2015.  (ECF No. 19.)  Mr. Sok received electronic notification of the minutes of the November
16  19, 2015 hearing on the CM/ECF docket in this matter.  The minutes indicated that the show
17  cause hearing was held on November 19, 2015, and that Defendant and counsel were not present
18  in court.  Mr. Sok was electronically served with the November 24, 2015 order.  The Court also
19  directed the Clerk of Court to mail a copy of the November 24, 2015 order to Mr. Sok at the
20  address in the letterhead of his last submission to the Court.  On November 24, 2015, the Clerk
21  of the Court mailed a copy of the November 24, 2015 order to Mr. Sok at the address in the
22  letterhead of his last submission to the Court.

23  Defendant filed a written response to the order to show cause on December 1, 2015.
24  (ECF No. 20.)  Mr. Sok understood the status report requirement to be a probation status report
25  and he assumed that it would be prepared and filed by a probation officer as in the state court.
26  Mr. Sok stated that this misunderstanding was due to his inexperience in the Federal Court.  Mr.
27  Sok stated that the November 5, 2015 hearing date was not notated in his iPad calendar and that
28  he likely failed to input the court hearing date into his calendar application after the sentencing

1 on January 29, 2015.  Mr. Sok stated that if he were notified for the November 19, 2015 hearing
2 by email, it is very likely that he failed to notice the email and did not calendar it.  Defendant
3 also filed his status report on December 1, 2015.  (ECF No. 21.)

4      At the show cause hearing on December 3, 2015, Mr. Sok further informed the Court that
5 he did not intentionally fail to comply with the Court's orders.

## II.

## DISCUSSION

8      "Failure of counsel or of a party to comply with these Rules or with any order of the
9 Court may be grounds for imposition by the Court of any and all sanctions authorized by statute
10 or Rule or within the inherent power of the Court."  Local Rule 110.  The Court possesses
11 inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and
12 expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  In order to
13 coerce Defendant to comply with the Court's orders, the Court may issue sanctions for every day
14 Defendant fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co.,
15 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions
16 "intended to be remedial by coercing the defendant to do what he had refused to do.").

17      The November 24, 2015 order required Defendant to show why sanctions should not
18 issue for his failure to comply with the Court's orders.  The Court finds that Mr. Sok negligently
19 failed to comply with the Court's orders.  The Court will order sanctions in the amount of
20 $150.00 to reimburse the Court for the time and resources expended as a direct consequence of
21 Defendant's failure to comply with the Court's orders.  Since it is apparent that Defendant's
22 attorney, but not Defendant himself, was solely responsible for the failure to comply with the
23 Court's orders, the Court will impose these sanctions solely on Defendant's attorney.

24      The Court notes that Defendant fully complied with the terms and conditions of his
25 unsupervised probation.  The Court also notes that but for Defendant's counsel's failure to file
26 the status report and respond to the Court's October 30, 2015 order to show cause, which was not
27 through the fault of the Defendant, Defendant would not have had to fly from Texas to appear in
28 person at the December 3, 2015 hearing.

## III.

## ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. Defendant's attorney, Curtis Sok, is sanctioned in the amount of $150.00 for his failure to comply with the Court's orders; and

2. The amount of $150.00 in sanctions shall be payable to the Clerk of the Court.

IT IS SO ORDERED.

Dated:   **December 3, 2015**

UNITED STATES MAGISTRATE JUDGE

5